```
I5HPPOLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            17 CR 0649 (GBD)

TERRELL POLK, ET AL.,

                Defendants.

------------------------------x
                                          New York, N.Y.
                                          May 17, 2018
                                          10:52 a.m.

Before:

                    HON. GEORGE B. DANIELS,

                                          District Judge

                         APPEARANCES

GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
MICHAEL K. KROUSE
NICHOLAS FOLLY
     Assistant United States Attorneys

STEVEN G. BRILL, on behalf of Richard Lind
     Attorney for Defendant Polk

JUDITH VARGAS
     Attorney for Defendant Moss

CESAR DeCASTRO
     Attorney for Defendant Corbett

STEVEN G. BRILL
     Attorney for Defendant Smith
```

1             (In open court)
2             MR. KROUSE:  Good morning, your Honor.  Michael Krouse
3    and Nicholas Folly for the United States.
4             THE COURT:  Good morning.
5             MR. FOLLY:  Morning, your Honor.
6             MR. BRILL:  Good morning, your Honor.  Sullivan and
7    Brill by Steven Brill for Timothy Smith and Terrell Polk.  As
8    your Honor knows, Richard Lind, who was the attorney of record,
9    sought permission for me to stand up for him.  You granted
10   that, and I spoke to Mr. Polk and he consents.  How are you?
11            THE COURT:  Good.  Good morning.
12            MS. VARGAS:  Good morning, your Honor.  Judith Vargas
13   on behalf of Mr. Jamel Moss.
14            THE COURT:  Good morning.
15            MR. DeCASTRO:  Good morning, your Honor.  On behalf of
16   Mr. Corbett, Cesar DeCastro.
17            THE COURT:  Good morning.
18            Let me start with the government.  What's the status?
19   I guess I should say, I read your papers.  I think the
20   government's position is that they believe it's appropriate to
21   have a hearing on the car stop, and we'll schedule that and
22   have an entry here.  But they believe I should deny, without a
23   hearing, the motion with regard to the suppression of the drugs
24   taken out of the apartment.
25            MR. KROUSE:  That's correct, your Honor.  We agree

1   that a hearing is appropriate for the motion to suppress the
2   fruits of the car stop, and the government anticipates calling
3   two witnesses at that hearing.  So it probably wouldn't be more
4   than a few hours.
5            THE COURT:  Remind me.  My understanding was that
6   three of the four defendants were in the car, not all four?
7            MR. KROUSE:  Yes, your Honor, three of the four
8   defendants were in the car and only two of the defendants have
9   moved to suppress.
10            THE COURT:  That's which two?
11            MR. KROUSE:  Timothy Smith and Terrell Polk.
12            THE COURT:  Polk is here?  All right.  So when would
13   your witnesses be available?
14            MR. KROUSE:  They're both law enforcement witnesses,
15   your Honor.  They can be available whenever the Court wishes to
16   set the hearing.
17            THE COURT:  All right.  So let me turn to the defense.
18   When would you like to have a hearing on that issue?
19            MR. BRILL:  Right, so I have the good fortune of
20   standing up for Mr. Lind, as well, who's also involved in the
21   hearing, and as anything, I think scheduling it is a bit tricky
22   here.  I am starting a trial, as I mentioned to the Court
23   before, in the Eastern District on June 11th that should take
24   at least four weeks, which puts us in the middle of July.
25            I think I could possibly squeeze it in before that,

Case 1:17-cr-00649-GBD   Document 51   Filed 07/09/18   Page 4 of 9        4
I5HPPOLC

1    but I'm looking at Mr. Lind's good dates, which are early June,
2    and I'm not sure they're entirely helpful to do that because
3    the dates that he gives prior to June 11th, my trial date, have
4    times that may not permit us to accommodate a hearing.  I know
5    the government says it should only take a couple of hours; that
6    would be a very quick hearing.
7             You know, for example, Mr. Lind gave a good date of
8    June 7th between 10:00 and 11:30; so I don't think that helps
9    us out all that much.
10            THE COURT:  You think that that is time he is not
11   available or that's just a start?
12            MR. BRILL:  That's a good question.
13            THE COURT:  I assume that's a start time he has
14   available.
15            MR. BRILL:  If your Honor pleases and you want to
16   schedule it before my trial on June 11th, then --
17            THE COURT:  What date is that, June 7th?
18            MR. BRILL:  Well, yes, he mentioned June 7th.  He also
19   mentions June 1st and June 6th.  Given my trial on the 11th,
20   maybe the 1st -- actually, he says no, after 3:00 on the 1st.
21   The 6th, how is the 6th for the Court?
22            THE COURT:  What does he say his time is?
23            MR. BRILL:  He says 10:30 to 12:00 on the 6th.
24            THE COURT:  I have a trial starting on the 4th; so the
25   7th would probably be better.  I think we might be able to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  finish the trial in three days.  If they close -- so it

2  probably would make more sense to do it at 10:00 on the 7th.

3         MR. BRILL:  Okay.  So it sounds like that's good for

4  Mr. Lind, and I'll make that work.

5         THE COURT:  All right.  So we'll schedule that.  If

6  that's a problem for anybody, let me know, but we'll schedule

7  it for that.  The next week is the judicial conference, and the

8  week after that, I have another trial scheduled.

9         MR. BRILL:  Yes, and like I said, I'm totally engaged

10  after that; so that makes sense for me.

11        THE COURT:  We can at least discuss it now.  I don't

12  have to necessarily totally address it now, but I wasn't quite

13  sure what the basis was for the motion, the suppression of the

14  drugs that were involved.  It seems to me that there was a

15  search warrant, there was a search warrant issued.  The search

16  warrant isn't challenged.  The search warrant authorized the

17  search for guns in the apartment.

18        It seems to me, I don't know what theory there would

19  be that a place where they could search for the guns, even

20  though you can argue they were in plain view, even if it wasn't

21  in plain view, that there's some evidence or affidavit that

22  indicates that they went beyond what was authorized in the

23  search warrant, to search areas and found the drugs in some

24  area that they were not already authorized for them to search

25  for the guns.  So does someone have a motion still, a valid

Case 1:17-cr-00649-GBD   Document 51   Filed 07/09/18   Page 6 of 9    6
I5HPPOLC

1  motion, or does someone have an item to be made?

2  MR. BRILL: So, unfortunately, your Honor, I'm
3  standing in for Mr. Lind, but I'm in no way prepared to answer
4  your Honor's questions. I would respectfully ask that you
5  perhaps table that question and then pose that to Mr. Lind.
6  I'm sure he will have an answer for you, but I just don't.

7  THE COURT: Okay. So we can address that on the day
8  of the hearing on June 7th, on the motion, if he has further
9  motions or arguments to make. But I agree, unless I have
10 further argument that you want to submit or if he wants to
11 submit it by letter before that, it seems to me that the
12 government's position is correct, that that's not an issue,
13 based on the facts that were laid out for me, that is not an
14 issue that warrants a hearing.

15 There was a valid warrant, and that's not being
16 challenged. They have a warrant to search the apartment to
17 search for guns. Unless there is some testimony or affidavit
18 that puts at issue whether or not the search went beyond the
19 scope of what was authorized in the warrant, it appears to me
20 that there would be no basis to suppress the drugs that were
21 seized while they were validly executing the warrant in the
22 apartment, whether or not it was in plain view, as they have
23 alleged, depending on if there's some other argument to be made
24 by some defendant that the drugs were in some other location
25 that was beyond the scope of the warrant.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    MR. BRILL:  I'll advise Mr. Lind of your Honor's
2  questions and concerns.
3    THE COURT:  So is there anything else we need to
4  address today?
5    MS. VARGAS:  Your Honor, if I may.  On behalf of
6  Mr. Jamel Moss, we did not file a motion in this case; so we're
7  not necessarily implicated in the hearing that your Honor has
8  scheduled, but I wanted to inform the Court that as of Monday,
9  the 21st of May, I will be out of the country for three weeks.
10  So I will not be available for the hearing, but I did want to
11  throw that into the mix, since we're not part of the motion.  I
12  guess I could look at the transcript and apprise myself of what
13  happened at the hearing.
14    THE COURT:  Sure.  Do you want me to excuse you and
15  him for that day?
16    MS. VARGAS:  If you could, yes, your Honor.
17    THE COURT:  All right.  Just remind me.  Give me that
18  in writing; so I won't have to produce him if he's not subject
19  to the hearing for that day, and then we can give you some
20  allotted time.
21    MS. VARGAS:  Yes, your Honor.
22    THE COURT:  Anything else, counsel?
23    MR. DeCASTRO:  I do.  I have one thing, your Honor.
24  On the last day, on April 4th, your Honor may recall, I was not
25  present.  I was on trial before Judge Abrams, and a trial date

1   was set but I -- I didn't know we were going to set a trial
2   date.  A trial date was set that I may have a conflict on that
3   date.  I don't think it's necessary to move the trial date
4   right now, Judge.  I just wanted to give you a heads up so that
5   in the event that we do, I would of course give the Court tons
6   of notice, but I would write a letter to that.
7            THE COURT:  Why don't you discuss it with the others
8   and see if there's a more convenient date before or after that
9   that you want to suggest, and we can discuss that further on
10  June 7th, if you both appear for that.
11           MR. DeCASTRO:  Okay.
12           THE COURT:  Also, I know that we put it down for
13  Wednesday.  I think we were thinking about the holidays, the
14  Jewish holidays, but I don't think that that solved the problem
15  because that was what our concern was.  So we may want to
16  either move it, start on the 24th or start it earlier, the
17  beginning of the week or the week before.
18           So talk with each other about the availability of
19  witnesses and availability of the lawyers, and maybe we can
20  discuss it further specifically whether you need to stick with
21  the schedules we have or whether we should adjust them.
22           Yes?
23           MR. BRILL:  Yes, hi.  So, your Honor, may I just
24  suggest that the government turn over their 3500 material with
25  respect to their officers in a reasonable period of time, if

I5HPPOLC

1  possible?
2           THE COURT:  When would the government be prepared?
3           MR. KROUSE:  One week before the hearing, your Honor.
4           THE COURT:  Okay.  So by May 31st?
5           MR. KROUSE:  Yes, your Honor.
6           THE COURT:  All right.
7           MR. BRILL:  Thank you.
8           THE COURT:  Anything further from the government?
9           MR. KROUSE:  No, your Honor.  Thank you.
10          THE COURT:  So motions are pending.  I'll exclude the
11 time, it's automatically, between now and the next date.  We'll
12 be prepared to move forward with the hearing on that date.
13 Obviously, if there's a problem scheduling with the lawyers and
14 the witnesses for that date, let me know as early as possible
15 so I can I adjust my schedule, but otherwise, I'll see the
16 parties for the hearing on June 7th at 10:00.
17          MR. KROUSE:  Thank you, your Honor.
18          THE COURT:  All right.  Have a good one.
19          MR. BRILL:  Thank you, your Honor.
20          MS. VARGAS:  Thank you, your Honor.
21          (Adjourned)