UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

　　- v. –

TERRELL POLK,

　　　　　Defendant.

S1 17 Cr. 649 (GBD)

**GOVERNMENT'S REQUEST TO CHARGE**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Michael K. Krouse
Nicholas S. Folly
Assistant United States Attorneys
　　*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - v. –

TERRELL POLK,

                Defendant.

S1 17 Cr. 649 (GBD)

## GOVERNMENT'S REQUEST TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## **REQUEST NO. 1**

## **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Burden of Proof and Presumption of Innocence.

e.   Reasonable Doubt.

f.   Jury's Recollection Controls.

g.   Inferences.

h.   Government Treated Like Any Other Party.

i.   Definitions, Explanations and Example of Direct and Circumstantial Evidence.

j.   Credibility of Witnesses.

k.   Right to See Exhibits and Have Testimony Read During Deliberations.

l.   Sympathy: Oath of Jurors.

m.   Punishment Is Not To Be Considered by the Jury.

n.   Verdict of Guilt or Innocence Must Be Unanimous.

o.   Interest in Outcome.

### REQUEST NO. 2
### Summary of the Indictment

The defendant, TERRELL POLK, is formally charged in an Indictment.    As I instructed you at the outset of this case, the Indictment is a charge or accusation.    It is not evidence.

The Indictment in this case contains four counts.    Each count is a separate offense or crime.    Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges that TERRELL POLK, the defendant, conspired with others—that is, agreed with others—between in or about 2013 through in or about 2017, to distribute and to possess with intent to distribute: (i) 280 grams and more of cocaine base, commonly referred to as crack cocaine; and (ii) a quantity of marijuana.

Count Two of the Indictment charges that, on February 3, 2017, TERRELL POLK, the defendant, distributed and possessed with intent to distribute a quantity of mixtures and substances containing a detectable amount of cocaine base, commonly referred to as crack cocaine.

Count Three of the Indictment charges that, from in or about 2013 through in or about 2017, TERRELL POLK, the defendant, possessed, carried, brandished, and discharged a firearm in connection with the drug trafficking crime charged in Count One.

Count Four of the Indictment charges that on or about July 25, 2015, after having been previously convicted in a court of a felony crime, TERRELL POLK, the defendant knowingly possessed ammunition that previously had been shipped or transported in interstate commerce.

4

## **REQUEST NO. 3**

## **Multiple Counts**

You must return a separate verdict of guilty or not guilty for each count charged.

Whether you find the defendant guilty or not guilty as to one offense should not affect your

verdict as to any other offense charged against the defendant.    You must analyze and evaluate

the evidence separately as to each count.

> Adapted from the charge of the Honorable Shira A. Scheindlin in
> *United States* v. *Ricardo Rodriguez, et al*., 03 Cr. 1501 (SAS).
> *See also*, Sand, et al., Modern Federal Jury Instructions,
> Instruction 6-3 (2005).

**REQUEST NO. 4**

**Count One: Drug Trafficking Conspiracy**

As I stated, the defendant is accused in Count One of having been a member of a conspiracy to violate a federal law.

Count One reads as follows:

[The Court is respectfully requested to read Count One].

A conspiracy is a kind of criminal partnership–a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.   The crime of conspiracy to violate a federal law is an independent offense.   It is separate and distinct from the actual violation of any specific federal law, which the law refers to as a "substantive crime."

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy, even if you find that he never actually committed the substantive crime that was the object of the conspiracy.   In other words, you may find a defendant guilty of the crime of conspiracy to distribute a controlled substance or to possess a controlled substance with intent to distribute it–that is, agreeing to distribute or to possess with intent to distribute a controlled substance–even if there was no actual distribution or possession with the intent to distribute a controlled substance.   Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the

6

conspiracy is not successful and no drugs are actually distributed or possessed with intent to

distribute.

> Adapted from the charge of the Honorable Leonard B. Sand in
> *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and
> Sand et al., Modern Federal Jury Instructions, Instr. 19-2.   *See
> also United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990).

## REQUEST NO. 5

## Count One: Elements

To sustain its burden of proof with respect to the conspiracy, the Government must establish beyond a reasonable doubt the following elements:

First, the existence of the conspiracy charged in Count One of the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).   Under Section 846, it is not necessary for the Government to allege or prove even one overt act.   *See United States* v. *Shabani*, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); *United States* v. *Story*, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); *United States* v. *Knuckles*, 581 F.2d 305, 311 (2d Cir. 1978); *United States* v. *Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975).

**REQUEST NO. 6**

**Count One: Existence of the Conspiracy (First Element)**

Starting with the first element, a conspiracy is a combination or agreement or understanding of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose.   In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the distribution of a controlled substance or the possession with intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.   The success of the conspiracy, or the actual commission of the criminal act which is the object of conspiracy, is not an element of the crime of conspiracy.

The conspiracy alleged here therefore is the agreement to commit the crime.   That is an entirely separate and distinct offense from the underlying offense, which the law calls a "substantive crime."   The crime of conspiracy is complete once the unlawful agreement is made and the defendant enters into it.   Accordingly, you may find a defendant guilty of the crime of conspiracy to distribute or possess with intent to distribute cocaine base even though the object of the conspiracy, that is, the actual possession or distribution of cocaine base, might not actually have been committed.   The ultimate success of the conspiracy is not required.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.   Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

9

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, a great deal is left to unexpressed understanding.   From its very nature, a conspiracy is almost invariably secret in its origin and execution.   Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally publicly broadcast their plans.   Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan.   Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.   The adage "actions speak louder than words" is applicable here.   Often, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.   When taken together and considered as a whole, however, those acts are capable of showing a conspiracy or agreement as conclusively as would more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.   But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In deciding whether the alleged conspiracy in fact existed, you may consider all the

evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

## **Object of the Conspiracy**

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.   Count One of the Indictment charges that the objective of the conspiracy was the distribution of and possession with intent to distribute controlled substances.   I will define the terms "distribution" and "possession" for you in a moment.   As I will explain in more detail in a few moments, to "distribute" means simply to transfer to another.   It does not require a sale. "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

Let me note that the Government need prove only that the defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it.   The Government need not prove both.

If you conclude that the Government has proven beyond a reasonable doubt that the

11

conspiracy charged in Count One of the Indictment existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

## Quantity

Before I go further, let me note something regarding the quantity and purity of drugs involved. I instruct you that the actual quantity and purity of the controlled substance involved in the conspiracy charged in Count One is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of the crime charged in Count One. You need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

As I will explain later, however, if you do find that the Government has proven the elements of Count One of the Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); the charge of the Honorable Laura Taylor Swain in *United States* v. *Jose Ovalle*, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); the charges of the Honorable Kevin T. Duffy in *United States* v. *Burnett*, 92 Cr. 731 (KTD) (S.D.N.Y. 1993), and in *United States* v. *Ogarro*, 92 Cr. 114 (KTD) (S.D.N.Y. 1992); the charge of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand et al., Modern Federal Jury Instructions, Instr. 19-4. *See United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross- purposes."

(citations omitted)); *United States* v. *Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.   Rather, it is sufficient if the Government can demonstrate that the defendants acted together with others to realize a common goal" (citations omitted)); *United States* v. *Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**REQUEST NO. 7**

**Count One: Objects of the Conspiracy**

**(Definitions of "Distribution" and "Possession with Intent to Distribute") (First Element)**

Now I have used the terms "distribution" and "possession with the intent to distribute." What do those terms mean?   I begin with the term "distribution."

**"Distribution"**

The word "distribution" means the actual, constructive, or attempted transfer of a controlled substance.   To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another.   Distribution does not require a sale.

**"Possession with Intent to Distribute"**

What does "possession with intent to distribute" mean?   I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

**"Possession"**

We begin with the concept of "possession."   The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.   Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.   However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.   If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that object.   This is called "constructive possession."

14

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.    The person having control over an object possesses it because he has an effective working relationship with the person who has actual physical custody of it, and because he can direct the movement, transfer, or disposition of the object.    In this manner, for example, a person may legally possess things that are in his or her house or car.

More than one person can have control over the same narcotics.    The law recognizes that possession may be sole or joint.    If one person alone has actual or constructive possession of a thing, possession is sole.    If more than one person has possession of it, as I have defined possession for you, then possession is joint.    That is what is meant by "possession."

### **"Intent to Distribute"**

In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person.

### **"Controlled Substance"**

Finally, I instruct you, as a matter of law, that cocaine base and marijuana are all "controlled substances."

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); the charge of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and the charge of the Honorable John M. Walker in *United States* v. *Torres*, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), *aff'd*, 901 F.2d 205, 221, 243-44 (2d Cir. 1990) (specifically approving charge on possession), *cert. denied*, 111 S. Ct. 273 (1990).    *See also* Sand et al., Modern Federal Jury Instructions, Instr. 56-4 and 56-11.

15

## REQUEST NO. 8

## Count One: Membership in the Conspiracy (Second Element)

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, which is whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

As you can see, this element concerns a defendant's state of mind.   Direct proof of state of mind is not always available.   Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind.   Such direct proof is not required.

### "Unlawfully," "Intentionally," and "Knowingly"

The terms "unlawfully," "intentionally," and "knowingly" are intended to ensure that, if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law.   The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.   Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.   However, you do have before you the evidence of certain acts and conversations alleged to have taken place with the defendant or in his presence.

The Government contends that these acts and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawfulness of his actions.   By pleading not guilty,

the defendant denies that he committed the charged offense.   It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of that defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.   Again, while you are not able to look into a defendant's mind, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in his presence.   The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."   Using your common sense means that, when you come to decide, for example, whether the defendant possessed narcotics with an intent to distribute, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

17

Circumstantial evidence, if believed, is of no less value than direct evidence.   In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

By pleading not guilty, the defendant denies that he was a member of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that a defendant join a conspiracy at its inception or be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part.   To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.   It is not even necessary that the defendant know every other member of the conspiracy.   In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.   Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); the charge of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in *United States* v. *Bello*, 91 Cr. 571 (MBM), *aff'd*, 990 F.2d 622 (2d Cir. 1993); and Sand et al., Modern Federal Jury Instructions, Instr. 19-6.   *See United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.   A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)).   *See also United States* v. *Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1990) (generally discussing proof required to show membership

in conspiracy), *cert. denied*, 112 S. Ct. 347 (1991); *United States*
v. *Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same),
*cert. denied*, 111 S. Ct. 2858 (1991).

## REQUEST NO. 9

## Count One: Special Interrogatory on Drug Quantity

If, and only if, you conclude that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the quantity of the controlled substances involved.

You need not determine the precise quantity.   Instead, if you reach the question of quantity, the verdict form you will receive will contain a separate question asking whether the Government has proved beyond a reasonable doubt that the conspiracy that the defendant joined involved 280 grams or more of crack cocaine, 28 grams or more of crack cocaine, or a lesser amount.   Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.   Thus, for example, if all of you agree that the conspiracy involved 280 grams or more of mixtures and substances containing a detectable amount of crack cocaine, you should indicate that on the verdict form.   If, however, some of you conclude that the conspiracy involved 28 grams or more of crack cocaine, but the rest of you conclude that it involved 280 grams or more of crack cocaine, you must indicate 28 grams or more of crack cocaine on the verdict form, because all of you would only be in agreement that the conspiracy involved 28 grams or more of crack cocaine.   If you conclude that the Government has not proved beyond a reasonable doubt that the conspiracy involved at least 28 grams of crack cocaine, then you may also indicate that on the verdict form.

## The Defendants' Involvement

In making your determination about the quantity of controlled substances involved in the conspiracy charged in Count One, you should include whatever quantity was involved in any act or acts in which the defendant personally and directly participated.   That is, if you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is personally responsible for the full quantity of drugs involved in that transaction, whether or not he knew the specific type or quantity involved in the transaction, and whether or not the type and quantity were reasonably foreseeable to him.

In addition, the defendant is also responsible for any quantity of narcotics distributed by his co-conspirators, as long as the quantities were known, or reasonably foreseeable, to the defendant, and were within the scope of the charged conspiracy.

Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

> Adapted from the charge of the Honorable Alison J. Nathan in *United States* v. *Cook*, 13 Cr. 777 (2014); the charge of the Honorable Paul A. Engelmayer in *United States* v. *Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); and the Honorable Katherine B. Forrest in *United States* v. *Benito del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012). *See also United States* v. *Johnson*, 633 F.3d 116, 118 (2d Cir. 2011) ("It is well settled that individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members.").

## REQUEST NO. 10

## Count One: Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people who you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> *See United States* v. *Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

21

## REQUEST NO. 11

## Count Two: Distribution and Possession with Intent to Distribute Cocaine Base
## The Indictment and the Statute

I now want to turn to the narcotics offense charged in Count Two of the Indictment and instruct you on the elements of that offense.

Count Two charges the defendant with the crime of distribution of a controlled substance or possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 812 and 841.   In particular, Count Two charges the defendant with distributing or possessing with intent to distribute cocaine base on or about February 3, 2017.

Count Two reads as follows:

[The Court is respectfully requested to read Count Two].

22

## REQUEST NO. 12

## Count Two: Elements

In order to convict the defendant of Count Two, the Government must prove the following elements beyond a reasonable doubt:

*First*, that on or about the date charged in the Indictment, the defendant distributed a controlled substance or possessed a controlled substance with the intent to distribute it.

*Second*, that he did so intentionally and knowingly; and

*Third*, that the substance involved was in fact the substance specified in Count One of the Indictment, namely cocaine base.

> Adapted from the Hon. Colleen McMahon, Jury Charge, *United States* v. *Rodney Johnson*, 10 Cr. 431 (CM) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Kelvin Martinez*, 13 Cr. 699 (PAE) (S.D.N.Y. 2014); Hon. Leonard B. Sand, Jury Charge, *United States* v. *Rios*, 91 Cr. 914 (S.D.N.Y. 1992); and the Hon. John F. Keenan, Jury Charge, *United States* v. *Minaya*, 10 Cr. 1179 (JFK).

## REQUEST NO. 13
## Count Two: First Element

The first element the Government must prove beyond a reasonable doubt is "distribution" of or "possession with intent to distribute" a "controlled substance."

I previously defined the terms "distribution," "possession with intent to distribute," and "controlled substance," and you should apply those definitions here.

## REQUEST NO. 14
### Count Two: Second Element

The second element the Government must prove beyond a reasonable doubt for Count Two is that the defendant acted "intentionally and knowingly."

I previously defined the terms "intentionally," and "knowingly," and you should apply those definitions here.

## REQUEST NO. 15

## Count Two: Third Element

The third element the Government must prove beyond a reasonable doubt is that the substance involved was, in fact, the controlled substance specified in Count Two, namely cocaine base.

The amount involved or its purity is not important in your determination of this Count.

> Adapted from the Hon. Colleen McMahon, Jury Charge, *United States* v. *Rodney Johnson*, 10 Cr. 431 (CM) (S.D.N.Y. 2014); the Hon. Leonard B. Sand, Jury Charge, *United States* v. *Rios*, 91 Cr. 914 (S.D.N.Y. 1992); and the Hon. John F. Keenan, Jury Charge, *United States* v. *Minaya*, 10 Cr. 1179 (JFK) (S.D.N.Y. 2012).

**REQUEST NO. 16**

**Count Three: Firearms Offense (18 U.S.C. § 924(c)(1)(A)(iii))**
**The Indictment and the Statute**

I now want to turn to the firearms offense charged in Count Three of the Indictment and instruct you on the elements of that offense.

Count Three alleges a violation of Title 18, United States Code, Section 924(c).   That statute makes it a crime for any person, "during and in relation to any . . . drug trafficking crime . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

Count Three is a firearms count connected to the narcotics conspiracy charged in Count One and it charges TERRELL POLK as follows:

[The Court is respectfully requested to read Count Three].

**REQUEST NO. 17**

**Count Three: Elements**

In order to convict the defendant of Count Three, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant committed a drug trafficking crime for which he can be prosecuted by a court in the United States.

Second, that on or about the dates alleged the Indictment, the defendant used or carried or possessed a firearm, or any combination of those acts, or aided and abetted the use, carrying, or possession of the firearm by another, during and in relation to the specified drug trafficking conspiracy charged in Count One, or that the defendant possessed a firearm, or aided and abetted the possession of a firearm, in furtherance of the specified drug trafficking conspiracy charged in Count One; and

Third, that the defendant acted knowingly.

If you find that the Government has satisfied its burden as to each of those elements, then you must also determine whether the Government has proved that the defendant brandished or aided and abetted the brandishing of the weapon, and whether the Government has proved that the weapon was discharged.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), and the charge of the Honorable Lewis A. Kaplan in *United States* v. *Jeffrey Otis Redden*, 02 Cr. 1141 (LAK) (S.D.N.Y. 2004).   *See also* Sand et al., Modern Federal Jury Instructions, Instr. 35-87.

## REQUEST NO. 18

## Count Three: First Element

The first element the Government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he can be prosecuted by a court in the United States.   The defendant is charged in Count One of the Indictment with conspiracy to distribute and possess with intent to distribute a controlled substance.   I instruct you that the crime charged in Count One of the Indictment is a drug trafficking crime for which someone can be prosecuted by a court in the United States.   However, it is for you to determine that the Government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count One.   If you find the defendant not guilty as to Count One, you must find the defendant not guilty as to Count Three.

Adapted from the charge of the Honorable Robert P. Patterson in
*United States* v. *Smith*, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003).

**REQUEST NO. 19**

**Count Three: Second Element**

The second element the Government must prove beyond a reasonable doubt for Count Three is that the defendant either used or carried a firearm during and in relation to the drug trafficking crime charged in Count One, or that he possessed a firearm in furtherance of that drug trafficking crime.   The Government must prove either one of these two things beyond a reasonable doubt – that the defendant used or carried a firearm during and in relation to the drug crime, or that the defendant possessed the firearm in furtherance of that crime.   The Government does not need to prove both, although the same conduct may constitute both "carrying" and "possession."

**"Firearm"**

As used in the statute, the term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." It does not matter whether the weapon was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a "firearm." I instruct you that a gun is a firearm.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), the charge of the Honorable Kenneth M. Karas in *United States* v. *Forestier*, 05 Cr. 1280 (KMK) (S.D.N.Y. 2007), the charge of the Honorable Robert P. Patterson in *United States* v. *Smith*, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003); the charge of the Honorable Robert P. Patterson in *United States* v. *Boone* 02 Cr. 1185 (RPP) (S.D.N.Y. 2003); and the charge of the Honorable Denny Chin in *United States* v. *Hamilton*, S1 05 Cr. 18 (DC) (S.D.N.Y. 2006).

**REQUEST NO. 20**

**Count Three: Use or Carry of a Firearm During and in Relation to Drug Trafficking**
**(Second Element)**

As I have explained, the Government must prove the second element of Count Three in either one of two ways.    First, the Government may prove beyond a reasonable doubt that the defendant "used" or "carried" a firearm "during and in relation to" the drug trafficking offense.

**"Use"**

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the drug trafficking crime.    This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.    Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.    The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

**"Carry"**

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime.    The defendant need not have held the firearm physically, that is, have had actual possession of it on his person.    If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug

31

trafficking crime, you may find that the Government has proven that the defendant carried the weapon.

### "In Relation To"

A firearm is carried "in relation to" a drug trafficking offense if the firearm had some purpose or effect with respect to the drug crime.    That requirement is satisfied if the firearm facilitated, or had the potential to facilitate, the drug trafficking offense.    On the other hand, this requirement is not satisfied if the carrying of the firearm was entirely unrelated to the drug crime.

> Adapted in part from Sand et al., Modern Federal Jury Instructions, Instr. 35-89 and from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).    *See also United States* v. *Ortega*, 385 F.3d 120, 123 (2d Cir. 2004) (per curiam) (holding that the in relation to language of 18 U.S.C. § 924(c)(1) requires that the firearm "served some purpose with respect to the felonious conduct) (internal quotation marks and alteration omitted); *United States* v. *Santos*, 64 F.3d 41, 45 (2d Cir. 1995) (noting that the firearm must have some purpose or effect with respect to the drug trafficking crime).

## REQUEST NO. 21
## Count Three: Possession of a Firearm in Furtherance of Drug Trafficking
## (Second Element)

The Government may also establish the second element by proving that the defendant possessed the firearm in furtherance of the drug trafficking crime.

### "Possess"

Possession of a firearm in furtherance of a drug trafficking crime requires that the defendant possess a firearm and that the possession advance or move forward the crime.   The mere presence of a firearm is not enough.   Possession in furtherance requires that the possession be incident to and an essential part of the crime.   The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Here, I want to say a few words about the legal concept of possession.   The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.   Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.   If you find that a defendant had the firearm on his person, therefore, you may find that he had possession of it.   However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.   If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that object.   This is called "constructive possession."

More than one person can have control over the same firearm.   The law recognizes that possession may be sole or joint.   If one person alone has actual or constructive possession of a

thing, possession is sole.    If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person having actual physical custody.    The person having control "possesses" the firearm because he has an effective working relationship with the people who have actual physical custody of the firearm and because he can direct the movement or transfer or disposition of the firearm.    In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.    In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

Now, let me give you some examples of possession.    I have a pen in my hand.    There should be no doubt in your mind that I physically possess the pen.

Another example:    Let's say I brought in some candy today and left it on my law clerk's desk.    She knows that she can't eat all of that candy; she'd better leave some for me.    I do not physically possess the candy but I do have control over it.    My law clerk also has control over it.    I can be said to "possess" the candy jointly with my law clerk.

One more example:    Say a relative left me a watch when he died, and it is now sitting in a safety deposit box.    Say also that I am the only person who can get into that box.    Do I have possession of the watch?    Absolutely I have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that object.   Proof of ownership is not required to establish possession.

### **"In Furtherance of"**

To possess a firearm "in furtherance" of a narcotics crime means that the firearm helped promote, accomplish, advance or achieve the goal or objective of the underlying offense.   The mere presence of a firearm at the scene of drug trafficking is not enough.   The firearm must have had some nexus, that is, some purpose or effect, with respect to the underlying drug offense, such as where the firearm is readily accessible to protect drugs, drug proceeds, or the drug dealer himself.   In deciding whether there is such a nexus, you may consider the accessibility of the firearm, whether the firearm was loaded, the type of weapon, whether or not the defendant legally possessed it, the type of drug activity conducted, whether the firearm was stolen, the time and circumstances under which the firearm was found, and the proximity of the firearm to drugs or drug profits.   This list of factors is not exclusive, but it helps to distinguish between possession in furtherance of a crime and innocent possession, such as a drug-dealer who possesses a wall-mounted antique or an unloaded rifle that is locked in a cupboard and used for target shooting or in a hunting game.

> Adapted from the charge of the Honorable Robert P. Patterson in
> *United States* v. *Boone*, 02 Cr. 1185 (RPP) (S.D.N.Y. 2003); the
> charge of the Honorable Paul A. Crotty in *United States* v.
> *Rodriguez*, 15 Cr. 756 (PAC) (S.D.N.Y. 2016); and, in part, from
> the charge of the Honorable Richard J. Sullivan in *United States*
> v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).   *See also* Sand et
> al., Modern Federal Jury Instructions, Instr. 35-89.

## REQUEST NO. 22
### Count Three: Third Element

The final element the Government must prove beyond a reasonable doubt on the firearms offense alleged in Count Three is that the defendant knew that he was using, carrying, or possessing a firearm and that he acted knowingly in doing so.   I have already instructed you about the meaning of "knowingly" in connection with Count One.   You should apply those instructions when considering Count Three.

## REQUEST NO. 23
### Aiding and Abetting

In connection with the firearms offense charged in Count Three, the defendant is also charged with aiding and abetting the commission of that crime.

Aiding and abetting liability is its own theory of criminal liability.    In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not himself committing the crime, assisted another person or persons in committing the crime. Thus, in the context of Count Three, the Government may meet its burden of proof by proving either (1) that the defendant personally committed the offense charged in Count Three; or (2) that another person committed the offense charged in Count Three and the defendant aided or abetted that person in the commission of the offense.    If you have found that the Government has satisfied its burden of proof based on the actions that the defendant personally undertook, you should not consider whether the defendant also aided and abetted another in the commission of the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.    You should give these words their ordinary meaning.    A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed.    To "counsel" means to give advice or recommend.    To "induce" means to lead or move by persuasion or influence as to some action or state of mind.    To "procure" means to bring about by unscrupulous or indirect means.    To "cause" means to bring something about, to effect something.

37

In order to prove a defendant guilty as an aider or abettor, the Government must prove:

First, that one or more other persons committed the crime you are considering (that is, that all of the elements of the crimes previously described were committed by someone);

Second, that the defendant, knowing that such a crime was being committed, intentionally associated himself with that crime; and

Third, that the defendant intentionally took some action to help the crime succeed. I have previously charged you on what it means to act knowingly and intentionally.

Please note, however, that the mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.   An aider and abettor must have some interest in the criminal venture, and must take some action to assist or encourage the commission of the crime

In the context of the particular offense charged in Count Three, in order to convict the defendant of aiding and abetting another's use, carrying, or possession of a firearm, you must find that the defendant facilitated the use, carrying, or possession of the firearm *or* the commission of the drug trafficking crime.   It is not necessary that the defendant facilitate both the possession, use, or carrying of the firearm *and* the drug trafficking crime.

In addition, to convict the defendant of this offense, on an aiding and abetting theory, you must find that the defendant had advance knowledge that a participant in the drug trafficking crime would use, carry, or possess a firearm in furtherance of the crime of violence.

Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from it.   Knowledge of the gun may, but does not have to, exist before the underlying crime is begun.   It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.   You may, but need not, infer that the defendant has sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a gun by a confederate.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 11-1 and 11-2,   from the charge of the Honorable William H. Pauley in *United States* v. *Dominguez*, 16 Cr. 108 (WHP) (S.D.N.Y. 2016), and from the charge of the Honorable Valerie Caproni in *United States* v. *Tyrone Felder*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); *see also Rosemond* v. *United States*, 134 S. Ct. 1240, 1243 (2014) (For the purpose of establishing aiding and abetting under Section 924(c), the affirmative act requirement is satisfied if "the defendant actively participated in the underlying drug trafficking or violent crime."); *id.* at 1250 n.9 ("[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had [sufficient advance] knowledge.").

## REQUEST NO. 24
### Count Three:   Special Interrogatory

If you find the defendant guilty on Count Three, then you must then make two special findings: First, whether the Government has proven beyond a reasonable doubt that the defendant "brandished" the firearm, or aided and abetted another who brandished the firearm; and second, whether the Government has proven beyond a reasonable doubt that the defendant "discharged" the firearm, or aided and abetted another who discharged the firearm. There is a place on the verdict form in which to record your determinations. The jury must be unanimous as to whether the firearm was brandished and/or discharged.

To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that other person. With respect to the issue of "brandishing," a defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the drug trafficking crime would display the firearm or make the presence of the firearm known for purposes of intimidation.

The term "discharge" means to fire or shoot, whether intentionally or accidentally. To aid and abet the possession or carrying of a firearm that was discharged, the defendant need not have advance knowledge that the discharge would occur. With respect to the issue of "discharge," a defendant is guilty of aiding and abetting the discharge of a firearm if you find that the Government has proved beyond a reasonable doubt that (1) that the defendant committed the firearms offense charged in Count Three or aided and abetted the commission of that offense by another, and (2) the firearm or firearms in question were discharged.

40

**REQUEST NO. 25**

**Count Four: Felon in Possession of Ammunition (18 U.S.C. § 922(g)(1))**
**The Indictment and the Statute**

I now want to turn to the offense charged in Count Four of the Indictment and instruct you on the elements of that offense.

Count Four alleges a violation of Title 18, United States Code, Section 922(g)(1).    That statute makes it a crime for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Count Four charges TERRELL POLK as follows:

[The Court is respectfully requested to read Count Four].

41

**REQUEST NO. 26**

**Count Four: Elements**

To sustain its burden of proof as to Count Four, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant previously was convicted of a crime punishable by imprisonment for a term exceeding one year, or in other words, a felony;

Second, that on or about the dates specified in the Indictment, the defendant knowingly possessed ammunition; and

Third, that the defendant's possession of the ammunition was in or affecting interstate or foreign commerce.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-47, and the charges of Hon. Kevin T. Duffy in *United States* v. *Ogarro*, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and *United States* v. *Burnett*, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

## GOVERNMENT REQUEST NO. 27

### Count Four: Defendant's Prior Conviction (First Element)

To satisfy the first element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of the crime and that the conviction was prior to the possession of the ammunition as charged in the Indictment.    The Government need not prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.    A plea of guilty has the same consequences as a conviction after trial.

[*If applicable:* In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant was convicted in a court of a felony punishable by imprisonment for a term exceeding one year.    It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the ammunition as charged in the Indictment.]

I instruct you that the prior conviction that is an element of the offense is only to be considered by you for the fact that it exists and nothing else.    You are not to consider it for any other purpose.    You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the ammunition as charged in the Indictment.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-48, and the charges of Hon. Kevin T. Duffy in *United States* v. *Ogarro*, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and *United States* v. *Burnett*, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

43

## GOVERNMENT REQUEST NO. 28.

### Count Four: "Knowingly Possessed" (Second Element)

The second element that the Government must prove beyond a reasonable doubt is that, on or about July 25, 2015, the defendant knowingly possessed or received ammunition.

### "Ammunition" Defined

Under the statute, ammunition includes any ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.    The term ammunition encompasses a single bullet.

### "Possessed" Defined

To "possess" means to have something within a person's control.    This does not necessarily mean that the defendant must hold it physically in his hand.    For example, you possess the things that are in your home even though sitting here in court, you are not holding those possessions.    As long as an object is within the defendant's control, he possesses it.

### "Knowingly" Defined

You must also find that the defendant knowingly possessed the ammunition.    I previously defined the term "knowingly," and you should apply that definition here.    In this context, "knowingly" means that the defendant possessed ammunition purposely and voluntarily, and not by accident or mistake.    It also means he knew that the ammunition was "ammunition" as we commonly use the word.    However, the Government is not required to prove that the defendant knew he was breaking the law.    In addition, the length of time of the possession - or the reasons why it was possessed - are not relevant to this Count.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-
49, the charge of Hon. Denny Chin in *United States* v. *Smith*, 08

Cr. 84 (S.D.N.Y. Aug. 6, 2008), and the charge of Hon. Gerard E. Lynch in *United States* v. *Bermudez*, 04 Cr. 685 (S.D.N.Y. May 2, 2006).

### GOVERNMENT REQUEST NO. 29.

### Count Four: "In or Affecting Interstate or Foreign Commerce" (Third Element)

The third element that the Government must prove beyond a reasonable doubt is that the defendant possessed the ammunition in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before the defendant's possession, the ammunition had traveled in interstate or foreign commerce.   In this regard, it is sufficient for the Government to satisfy this element by proving that, at some point before the defendant's possession, the ammunition moved over a state line.   For example, if the ammunition came from any other state or country to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that the defendant himself carried the ammunition across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.   It is also not necessary for the Government to prove that the defendant knew that the ammunition had previously crossed a state or national border.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-49, and the charge of Hon. William H. Pauley III in *United States* v. *Massey*, 03 Cr. 938 (S.D.N.Y. March 16, 2004); *see also United States* v. *Sanders*, 35 F.3d 61, 62 (2d Cir.), *cert. denied*, 513 U.S. 994 (1994).

**REQUEST NO. 30**

**Venue**

In addition to all the elements of each of the charges that that I have just described for you, you must decide, separately with respect to each of these counts whether any act in furtherance of the crimes occurred within the Southern District of New York.    The Southern District of New York includes, among other places, Manhattan, the Bronx, and Westchester County, which includes Yonkers.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.    It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.    A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.    Thus, with respect to Counts One, Two, Three, and Four the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged in each count occurred within this District.

47

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of that charge.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); and Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

## REQUEST NO. 31
## Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), and the charge of the Honorable Charles Metzner, as affirmed in *United States* v. *Koss*, 506 F.2d 1103 (2d Cir. 1974), *cert. denied*, 420 U.S. 977 (1975).

## REQUEST NO. 32

### Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.    There is no legal requirement, however, that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial.    Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Richard J. Sullivan in
> *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), the
> charge of the Honorable Pierre N. Leval in *United States* v.
> *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the charge of
> the Honorable John F. Keenan in *United States* v. *Medina*, 91 Cr.
> 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 33**

**Stipulations**

**[If Applicable]**

You have heard evidence in the form of stipulations of testimony.    A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.    You must accept as true the fact that the witness would have given that testimony.    It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.    A stipulation of fact is an agreement among the parties that a certain fact is true.    You must regard such agreed facts as true.    It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the charge of the Honorable Stephen C. Robinson
> in *United States* v. *Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also*
> Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

## REQUEST NO. 34

## Charts, Maps, and Summaries

## [If Applicable]

During the course of trial there were charts, maps and/or summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence.    They are admitted into evidence as aids to you.

In understanding the evidence you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.    It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.    To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-12, and the charge of the Honorable Katherine B. Forrest in *United States* v. *Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012).

## REQUEST NO. 35

## Law Enforcement Witnesses

You have heard testimony of law enforcement officials.   The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.   In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16; and from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## REQUEST NO. 36
## Testimony of Cooperating Witnesses

You have heard witnesses testify that they were involved in the crimes charged in the Indictment.   The government frequently must rely on the testimony of witnesses who admit to participating in crimes.   The government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness.

Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.   The fact that a witness is cooperating with the government can be considered by you as bearing upon his credibility.   It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

54

You may consider whether a cooperating witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You heard testimony about various agreements between the government and the cooperating witness.   I caution you that it is no concern of yours why the government made an agreement with the witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether that person would benefit more by lying, or by telling the truth.   Was the witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?   Or did the witness believe that his interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?   Did this motivation color the witness's testimony?

If you find that the testimony of the cooperating witness was false, you should reject it. However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

Again, as with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.   Even if you find that a witness testified falsely in one

part, you still may accept his or her testimony in other parts, or you may disregard all of it.

That is a determination entirely for you.

> Adapted from the charge of the Honorable Richard J. Sullivan in
> *United States* v. *Epskamp*, 12 Cr. 120 (RJS) (S.D.N.Y. 2015), the
> charge of the Honorable Gerard E. Lynch in *United States* v.
> *Michael Jones*, 02 Cr. 674 (GEL) (S.D.N.Y. 2002), and Sand,
> Modern Federal Jury Instructions, Instr. 7-5

**REQUEST NO. 37**

**Testimony of Experts**

**[If Applicable]**

You have heard testimony from what we call expert witnesses.   An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.   Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for those opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.   If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in *United States* v. *Mensah*, 91 Cr. 705 (MBM) (S.D.N.Y. 1991); and from Sand et al., Modern Federal Jury Instructions, Instr. 7-21.

## REQUEST NO. 38
## Preparation of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## REQUEST NO. 39
## Persons Not on Trial

Some of the people who may have been involved in the events leading to this trial are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the Indictment.   Nor may you speculate as to the reasons why other persons are not on trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury.   Therefore, you may not consider it in any way in reaching your verdict as to the defendants.

> Adapted from the charge of the Honorable Peter K. Leisure in *United States* v. *Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-4.

**REQUEST NO. 40**

**Uncalled Witnesses – Equally Available**

**[If Applicable]**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of the defendant beyond a reasonable doubt.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 6-5; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**REQUEST NO. 41**

**Use of Informants**

**[If Applicable]**

There has been testimony before you about the use of informants.    Informants are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law.    There are certain types of crimes where, without the use of informants, detection would be extremely difficult.    Because this law enforcement technique is entirely lawful, your personal view on its use – whether you approve or disapprove – is beside the point and must not affect your evaluation of the evidence in the case.

Let me put it another way.    If you are satisfied beyond a reasonable doubt that the defendant committed the charged offense that you are considering, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of informants.

> Adapted from the charge of the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 5-23.

## REQUEST NO. 42

### Defendant's Testimony

### [If Applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.   This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.   In this case, the defendant [*insert name(s)*] did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> *See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 43

## Defendant's Right Not to Testify

## [If Requested by a Defendant]

*[Insert name -or- the defendants]* did not testify in this case.    Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.    That burden remains with the Government throughout the entire trial and never shifts to the defendant.    A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that *[insert name -or- the defendants]* did not testify.    No adverse inference against *[insert name -or- the defendants]* may be drawn by you because *[insert name -or- the defendants]* did not take the witness stand.    You may not consider this against *[insert name -or- the defendants]* in any way in your deliberations in the jury room.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

63

**REQUEST NO. 44**

**Use of Evidence Obtained in Searches**

You have heard testimony about certain evidence that was seized in searches of certain places and/or electronic devices.   Evidence obtained from those searches was properly admitted in this case, and may be considered by you.   Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre N. Leval in *United States* v. *Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 45

## Use of Recordings

### [If Applicable]

Audio and video recordings of conversations have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.    I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

Adapted from the charge of the Honorable Laura Taylor Swain in
*United States* v. *Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

## REQUEST NO. 46
## Transcripts of Recordings

The Government has been permitted to hand out typed documents which it prepared, containing the Government's interpretation of what appears on the recordings that have been received as evidence.   Those were given to you only as an aid or guide to assist you in listening to the recordings.   That is why I advised you to listen very carefully to the recordings themselves when they were played in court.   You alone should make your own interpretation of what appears on the recordings based on what you heard.   If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

[*As Applicable*: Certain redactions, or deletions, were made from the transcripts of the recordings.   You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.]

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-9.

## REQUEST NO. 47
## Character Testimony

### [If Applicable]

You have heard testimony that *[insert name(s)]* has a good reputation for honesty and truthfulness in the community where he lives and works.   That testimony bears on the defendant's character.   Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.   Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.   But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of the defendant.   [*As applicable*: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]   The guilt or non-guilt of the defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-15; and from the charge in *United States* v. *Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge and holding that defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

67

## REQUEST NO. 48
### Sympathy

Under your oath as jurors you are not to be swayed by sympathy.   You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:   Has the Government proven the guilt of the defendant beyond a reasonable doubt with respect to each of the elements of each of the offenses charged?

It is for you alone to decide whether the Government has proven beyond a reasonable doubt that the defendant is guilty of the crime for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you.   It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the Government has failed to establish the defendant's guilt beyond a reasonable doubt, you must acquit him.   But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Adapted from the charge of the Honorable Katherine B. Forrest in
*United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015).

## REQUEST NO. 49

## Punishment

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Adapted from the charge of the Honorable Katherine B. Forrest in
*United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015).

**REQUEST NO. 50**

**Impeachment of Defendant – Previous Felony**

**[If Applicable]**

As I instructed you earlier, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence.   This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.

In this case, the defendant(s) did testify and he was subject to cross-examination, like any other witness.   You learned during his testimony that the defendant was previously convicted of a crime.

This prior conviction was received into evidence simply to help you decide how much of his testimony to believe.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-13 and the charges of the Honorable Pierre N. Leval in *United States* v. *Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**REQUEST NO. 51**

**Redaction of Evidentiary Items**

**[If Applicable]**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out.    You are to concern yourself only with the part of the item that has been admitted into evidence.    You should not consider any possible reason why the other part of it has been deleted.

Adapted from the charge of the Honorable Katherine B. Forrest in
*United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015).

## REQUEST NO. 52

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.    It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national-origin, gender, sexual orientation, or age.    Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.    The defendants are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (S.D.N.Y. 2003), and the charge of the Honorable Denny Chin in *United States* v. *Olajide*, 01 Cr. 365 (DC) (S.D.N.Y. 2001).

## REQUEST NO. 53
### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant beyond a reasonable doubt with respect to the charges of the Indictment.

You must base your verdict solely on the evidence, or lack of evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.    In order to return a verdict, it is necessary that each juror agree to it.    Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.    In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.    But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.    You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
         August 22, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
         Michael K. Krouse
         Nicholas S. Folly
         Assistant United States Attorneys
         (212) 637-2279 / 1060