UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TIMOTHY SMITH

                Petitioner,

    -against-

USA,

                Respondent.
------------------------------------- x

FEB 1 4 2022

MEMORANDUM DECISION
AND ORDER

20 Civ. 4195 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Timothy Smith is a federal prisoner currently incarcerated at Federal Correctional Institution, Allenwood Low. On June 1, 2020, Petitioner moved to vacate, set aside, or correct his sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. (Motion to Vacate, ECF No. 1.) The Motion to Vacate was referred to Magistrate Judge Stewart D. Aaron. Before this Court is Magistrate Judge Aaron's December 31, 2020 Report and Recommendation (the "Report") recommending that Petitioner's motion be denied. (Report, ECF No. 11, at 13.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 14.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.[1]

---

[1] In his underlying criminal case, *USA v. Timothy Smith*, 17-cr-649-04 (GBD), Petitioner separately moved for a judicial recommendation to the Federal Bureau of Prisons ("BOP") that Petitioner be placed in a residential reentry center ("RRC") in the twelve months preceding his release and the maximum time allotted for home confinement pursuant to 18 U.S.C. § 3621(4)(b). (Motion Requesting Judicial Recommendation Residential Reentry Center Placement and Home Confinement ("Motion for Reentry Placement"), ECF No. 178.) The government did not respond. The BOP is in a better position to assess such a request. This Court denies Petitioner's motion and leaves that determination to the BOP.

1

## I. FACTUAL BACKGROUND

Smith was a member of a drug trafficking organization ("DTO") that sold crack cocaine and marijuana. (Report at 1-2.) Members of the DTO were involved in two shootings, one of which Smith was present for. (*Id.* at 2.) After an indictment, and arrest on June 18, 2018, Smith entered into a plea agreement on two counts: (1) conspiring to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D); and (2) possessing a firearm in connection with the drug trafficking crime charged in Count One, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. (Government Opp. to Motion to Vacate ("Gov. Opp.")-Ex. B, ECF No. 10, at 18-9.) The Plea agreement also stipulated a sentencing Guidelines range of 70 to 76 months, with a mandatory minimum term of 60 months' imprisonment. (*Id.* at 19-20.) Notably, the Petitioner agreed to waive his rights to file a direct appeal, bring a collateral challenge, or modify his sentence. (*Id.* at 21.) On August 7, 2018, Petitioner pled guilty and confirmed his voluntary and knowing acceptance of the agreement, including the fact that he waived his right to file an appeal of his conviction and sentence. (Report at 5.)

On December 13, 2018, the Court adopted the sentencing guidelines in the plea agreement and sentenced Petitioner to 10 months imprisonment on Count one and a mandatory consecutive term of imprisonment of 60 months on Count two, to be followed by three years of supervised release. (December 13, 2018 Minute Entry.) Petitioner has a projected release date of October 18, 2022, and a home-detention eligibility date of April 18, 2022. (Motion for Reentry Placement at ¶ 3.)

After serving part of his sentence, on June 1, 2020, Smith filed his present motion to vacate. (ECF No. 1.) On September 15, 2020, the Government filed its opposition brief. (ECF No. 10.)

2

On December 31, 2020, Magistrate Judge Aaron issued his Report recommending that the Court deny Smith's motion to vacate. (Report at 13.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Established in *United States v. Snow,* clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)). Given that there were no objections, the Report is reviewed for clear error.

## III. THE REPORT IS ADOPTED IN FULL

Magistrate Judge Aaron did not commit clear error when recommending that petitioner's motion to vacate be denied.

### A. Smith's Motion Is Untimely

Magistrate Judge Aaron found that Smith's motion was untimely on all possible grounds. (Report at 8.) There is a one-year statute of limitations applicable to habeas petitions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255 (f). The statute of limitations begins to run on the later date of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(*Id.*) There was no clear error in Magistrate Judge Aaron finding that Petitioner failed to file his petition within a year of the date on which his judgment of conviction became final.

The Report correctly found that Smith's conviction was entered on December 17, 2018, but Smith did not file his § 2255 motion until, at the earliest, April 27, 2020, well over a year later. Accordingly, the Petitioner's motion is untimely under § 2255(f)(1). Smith's petition fails to raise "any impediment created by government action that prevented [him] from making a [§ 2255] motion." (Report at 9.) This includes a failure to demonstrate "any facts supporting his motion that only recently bec[ame] discoverable through the exercise of due diligence." (*Id.*) Thus, the Report was correct in finding that the statute of limitations began to run on the date of judgment. (*Id.*). Finally, Petitioner's argument that there was recent Supreme Court law, *United States v. Davis*, 139 S. Ct 2319 (2019), recognizing a new right is unavailing. Magistrate Judge Aaron did not commit a clear error when interpreting that *Davis* "left untouched" the drug trafficking crime that Petitioner was ultimately convicted of, and therefore, any new right articulated in *Davis* was unapplicable to his case.

## B. Smith's Claims Are Barred by the Collateral Waiver in the Plea Agreement and are Procedurally Defaulted

Petitioner's claims are also clearly barred by the collateral waiver and are procedurally defaulted. It is settled law that "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United*

4

*States*, 841 F. 3d 578, 580 (2d Cir. 2016). Here, it is uncontested that Petitioner knowing and voluntary entered into a plea agreement with the government that explicitly states he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255…nor seek a sentence modification…of any sentence at or below the Stipulated Guidelines Sentence of 70 to 76 months' imprisonment." (ECF No. 10 at 18-9.) This waiver is enforceable so there is no error in finding that this is a basis for denying Petitioner's motion.

In addition, "a defendant is barred from collaterally challenging a conviction under §2255 on a ground he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). A defendant is excused if there is "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id*. There was no clear error in Magistrate Judge Aaron's finding that Petitioner failed to demonstrate that he can avail himself of either of these exceptions.

Accordingly, the Report is adopted in full.

## IV. CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Petitioner's motion to vacate his sentence is DENIED. The Clerk of Court is directed to close the motion, (ECF No. 1), accordingly.[2]

Dated: New York, New York
February FEB 14 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Th Clerk of Court is also directed to close the open motion, (ECF No. 178), in Case No. 17-cr-649-04.

5